IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NANCY G. (GRACE) SHEMPERT,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:05-CV-2520-VEH |
| **JAMES M. BRITT, et al.,** | } |
| **Defendants.** | } |

### MEMORANDUM OPINION

**I.    INTRODUCTION**

The case comes before the Court on the Motion to Dismiss (Doc. 3), filed by Defendants on December 22, 2005. Plaintiff filed her opposition (Doc. 4) on December 27, 2005. As discussed below, Defendants' Motion to Dismiss is due to be granted in part and denied in part. More specifically, Defendants' Motion to Dismiss is due to be granted with respect to claims against James M. Britt Title VII. Defendants' Motion to Dismiss all Title VII claims due to the failure of a precondition is due to be denied, without prejudice, on the basis of equitable modification.

**II.    STANDARD OF REVIEW**

Defendants have challenged the sufficiency of Count II of the complaint (*i.e.* Title VII gender discrimination/sexual harassment) under Rule 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. A court may dismiss a complaint (or a portion thereto) under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual

allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory [s]he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). Finally, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

**III.   ANALYSIS**

    **A.   No Individual Liability Under Title VII**

Title VII does not provide for individual liability. This particular area of the law is clear and well settled: "Individual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Indeed, "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Id*. (emphasis in original). Furthermore, the Eleventh Circuit has stated that "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory

2

employees as agents of the employer or by naming the employer directly." *Id*.

In her opposition, Plaintiff concedes that no individual liability exists under Title VII and further points out that Count II of her complaint expressly excludes from its scope the sole individual sued, Defendant James M. Britt. (Doc. 4 at 1; Doc. 1 ¶ 36). Accordingly, Defendants' Motion to Dismiss is due to be granted with respect to individual liability under Title VII.

### B.    The EEOC's Failure to Issue Plaintiff a Notice of Right to Sue

Although it is unclear from the record the exact date on which Plaintiff formally filed her charge of discrimination with the EEOC, the earliest point on which this likely occurred is June 21, 2005, the date of Plaintiff's alleged constructive discharge. (Doc. 1 ¶ 22). The likely latest time for filing her charge is December 9, 2005, the date on which Plaintiff filed her complaint. Plaintiff's counsel has represented to the Court that he has requested a right to sue from the EEOC on two separate occasions. (Doc. 4 at 1).

29 C.F.R. § 1601.28 describes the issuance of a right-to-sue notice by the EEOC, and provides in part:

> (a) Issuance of notice of right to sue upon request.
>
> (1) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission shall promptly issue such notice as described in § 1601.28(e) to all parties, at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission . . . .
>
> (2) . . . [T]he Commission may issue such notice as described in § 1601.28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [one of certain EEOC officials] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

Therefore: (i) a right to sue letter may issue prior to the expiration of 180 days from the filing of the charge if the EEOC determines that it is unlikely that it will be able to complete the administrative process by that date; or (ii) a right to sue letter must promptly issue, at any time after the expiration of 180 days from the filing of the charge, if a request is made in writing.  More that 180 days has elapsed from the date on which Plaintiff maintains she was constructively discharged, and two requests for a right to sue letter have been made.  Under such circumstances, a right to sue letter from the EEOC should be forthcoming promptly.[1]

Receipt of a right-to-sue letter is a precondition under Title VII and is subject to equitable modification by the Court.  In *Forehand v. Florida State Hospital*, the Eleventh Circuit, in reviewing an appeal based in part upon the early timing of the requests and the sufficiency of the language used by the EEOC in subsequently sending out the requested right-to-sue letters, noted:

> "Title VII 'does not condition an individual's right to sue upon the EEOC's performance of duties.'"  Accordingly, the fact that the EEOC may not have complied with its own regulations is of no moment in determining whether appellants are entitled to equitable modification.  A plaintiff should be free to make an early request for a right-to-sue letter upon the assumption that the EEOC will perform as contemplated in the regulations by issuing the letter only if it is probable that it will be unable to complete the administrative processing with the 180 days.  Both *Sims* and *Pinkard* indicate that any deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue.

89 F.3d 1562, 1270-71 (11th Cir. 1996) (internal citations omitted) (citing *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1062 (11th Cir. 1994); *Pinkard v. Pullman-Standard*, 678 F.2d 1211,

---

[1]Alternatively, if Plaintiff postponed filing her charge until December 2005, the EEOC may still issue an early right to sue letter, if it concludes that it is probable that it will be unable to complete its administrative review within 180 days from the charge filing date.

1215 (5th Cir. Unit B 1982), *cert. denied*, 459 U.S. 1105 (1983)).[2]

Against this legal backdrop and with other federal claims pending, the Court is disinclined to dismiss Plaintiff's Title VII count at this early stage of the litigation. Plaintiff has demonstrated diligence in dealing with the EEOC, and her failure to satisfy the precondition of receiving a right-to-sue letter is subject to equitable modification. Accordingly, Defendants' Motion to Dismiss on this ground is due to be denied without prejudice.

## IV. CONCLUSION

As explained above, Defendants' Motion to Dismiss is due to be granted in part and denied in part. More specifically, Defendants' Motion to Dismiss is due to be granted with respect to individual liability under Title VII. Defendants' Motion to Dismiss all Title VII claims due to the failure to satisfy a precondition is due to be denied without prejudice based upon equitable modification.

**DONE** and **ORDERED** this 6th day of January, 2006.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge

---

[2]"The Eleventh Circuit has adopted as precedent the post-September 30, 1981, decisions of a Unit B panel of the former Fifth Circuit." *Forehand*, 89 F.3d at 1568 n.12 (citing *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)).